United States District Court
Eastern District of New York

MINUTE ORDER
<u>Seridge v. Bay State LLC, Statue Cruises LLC</u>
2010 CV 499

This Minute Order will summarize the rulings made on the record at conferences held with counsel 1/9/12 and 1/11/12 and resolves plaintiff's Motion in Limine [19] and defendants' Motion in Limine [20].

1.   Plaintiff's motion <u>in</u> <u>limine</u> is denied in large part as follows:

   a)   <u>Drug Test Results</u>.

   Plaintiff seeks to preclude use of evidence concerning plaintiff's 30 day suspension during his prior employment for the New York City Department of Transportation (Staten Island Ferry) resulting from a positive drug test in 2007.  Notwithstanding the potential prejudice to plaintiff, such evidence is admissible on cross-examination of plaintiff as it pertains to his truthfulness and credibility in light of the answers he gave during his deposition regarding cessation of employment there.

   The suspension and prior drug test results are also relevant to plaintiff's claim of lost wages.  Courts have acknowledged that after-acquired evidence of conduct bearing on employment determinations may be relevant to a plaintiff's earning capacity and damages.  <u>See</u>, <u>e.g.</u>, <u>McKennon v. Nashville Banner Pub. Co.</u>, 513 U.S. 352 (1995) (after-acquired evidence of employment discrimination relevant to calculate backpay from termination to time defendant received the evidence).  Regardless of whether the drug test results were verified, as argued by plaintiff, since prior employers are required under applicable regulations to maintain records of drug test results, future employers can still find out about them. 49 C.F.R. §§ 40.25 et seq., 40.333; <u>see</u> <u>also</u> U.S. Dep't of Transp., Off. of Drug & Alcohol Policy & Compliance, Employer Record Keeping Requirements for Drug & Alcohol Testing Information, 1, 5, <u>available</u> <u>at</u> http://www.dot.gov/odapc/Docs/testingpubs/ Recordkeeping%20Requirements.pdf.

Thus, plaintiff will be permitted to examine any witness who testifies about plaintiff's earning capacity about the return-to-duty requirements of applicable regulations and whether knowledge of the drug test results and suspension might affect the witness's opinions regarding plaintiff's continued employability in the same or any other maritime position.

Defendants also seek to present evidence through cross examination of plaintiff and other evidence of plaintiff's alleged storage of urine to substitute for his own in random drug tests. Subject to submission of an affidavit which the Court finds to provide a sufficient basis for this line of questioning, defendants may cross-examine plaintiff on this occurrence. However, because such evidence is highly prejudicial to plaintiff, if defendants seek to admit any extrinsic evidence of this incident, this Court will conduct a <u>voir dire</u> on such evidence outside the hearing of the jury.

b) <u>Neck Injury and Workers' Compensation Claim</u>.

Evidence concerning plaintiff's 2001 neck injury is admissible, as well as the extent of wages lost from this injury. However, evidence regarding the related workers' compensation claim is not admissible.

c) <u>Reports of Dr. Mills and Dr. Marmino</u>

Expert reports of an adversary may be admissible as business records, and they are deemed trustworthy because they may be expected to be adverse to movant's interest. <u>Yates v. Bair Transp., Inc.</u>, 249 F.Supp. 681, 689-91 (2d Cir. 1965).

Dr. Edward Mills, defendants' testifying expert, examined plaintiff for the purpose of a workers' compensation claim. His report is admissible but plaintiff, as agreed, shall do so on cross-examination.

Plaintiff claims that defendants also employed Dr. Joseph Marmino to examine plaintiff for purposes of determining payment of maintenance and cure. The report of Dr. Joseph Marmino may be admissible after plaintiff has laid the foundation for introducing the report. Plaintiff is given leave to amend the Joint Pre-Trial

-2-

Order to add exhibits for this purpose, in the absence of defendants' consent. This Court notes that although an expert may rely on hearsay in forming an opinion where such material is "reasonably relied upon by experts in the field," an expert "may not act as a mere conduit for the hearsay of another." <u>Wantanabe Realty Corp. v. City of New York</u>, No. 01 Civ. 10137 (LAK), 2004 WL 188088 (S.D.N.Y. Feb. 2, 2004) (internal quotations omitted). Plaintiff's hearsay statements may be redacted.

2. Defendants' motion <u>in</u> <u>limine</u> is denied in large part as follows:

Plaintiff agrees that experts cannot opine directly as to negligence but can testify as to industry standards, defendants' own safety standards, practices of good seamanship, the safety of plaintiff's workplace and whether the ship was properly equipped for this kind of task. This Court agrees.

Thus, the specific factual findings, citations of regulations and opinions as to industry practice in Captain Ahlstrom's report are admissible and within the scope of his expertise. However, he must avoid making statements as to ultimate issues in this case, including opinions as to defendant's negligence, whether plaintiff is responsible for his injuries and whether conditions on the vessel were unreasonably dangerous.

The report of Dr. Cushing and Mr. Streb is admissible and within the scope of their expertise. This Court finds that defendants will suffer no prejudice if Dr. Cushing discusses the ASTM standard mentioned in his supplemental report. If he does so, he must cite the version of that was in effect at the time of the incident. However, matters relating to fall protection and pertinent regulations are inadmissible as irrelevant.

**SO ORDERED.**

Dated: Brooklyn, New York
January 12, 2012

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE